(Reap. Dec. 10254)

Standard Brands Paint Co., Inc., et al. *v.* United States

Entry No. 26324, etc.

(Decided May 15, 1962)

*Lawrence & Tuttle* (*Edward N. Glad* of counsel) for the plaintiffs.
*William H. Orrick, Jr.,* Assistant Attorney General (*James F. O'Hara,* trial attorney), for the defendant.

Donlon, Judge: On call of these cases at the term of court in Los Angeles on February 2, 1962, counsel stipulated, in open court, that the merchandise covered by the entries in the appeals for reappraisement listed in schedule "A," attached to and made a part of this decision, was entered in part before and in part after February 27, 1958, the effective date of the final list published by the Secretary of the Treasury, T.D. 54521, under section 6(a) of the Customs Simplification Act of 1956, 70 Stat. 943, T.D. 54165. The cases were submitted on a further written stipulation of counsel for the parties, which was filed of record, as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the attorneys for the parties hereto:

1. That the appeals for reappraisement set forth in Schedule "A" hereto attached and made a part hereof are limited to the merchandise shipped by Nihon Chikuzai Kogei Co., Ltd., T. Higaki & Co., Ltd., and Toyo Mokko Co., Ltd., of Japan.

2. That the said merchandise was appraised under Section 402(a) (Alternative) (d) or Section 402(b) of the Simplification Act of 1956. Public Law 927. 84th Congress, 2nd Session, depending on the date of importation.

3. That as to said merchandise appraised under Section 402(a) (Alternative) (d) of the Simplification Act of 1956, no foreign value, as defined by Section

402(a) (Alternative) (c) of the Simplification Act of 1956 existed for such or similar merchandise.

4. That at the time of exportation to the United States, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, were the unit invoice values less the proportionate share of the inland freight, storage, hauling and lighterage, insurance premium and petty shown on the invoices to be included in the unit invoice values.

Accepting these two stipulations as an agreed statement of facts, I find and hold that export value, as defined in section 402 of the Tariff Act of 1930, effective on the dates the merchandise was entered or withdrawn from warehouse for consumption, is the proper basis for determination of the values of the merchandise shipped by Nihon Chikuzai Kogei Co., Ltd., T. Higaki & Co., Ltd., and Toyo Mokko Co., Ltd., of Japan, described on the invoices covered by the entries in these appeals for reappraisement, and that such values of the respective items of merchandise are the unit invoice values, less the proportionate share of the inland freight, storage, hauling and lighterage, insurance premium, and petties, all as shown on the invoices which are included in the official papers filed with the court in the several suits.

As to all other merchandise, these appeals for reappraisement are dismissed.

Judgment will be entered accordingly.